

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMI TILLOTSON, an individual,

Plaintiff-Appellant,

v.

CITY OF SAN FRANCISCO, a municipal
corporation; et al.,

Defendants-Appellees.

No.   17-15321

D.C. No. 4:15-cv-04014-DMR

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

Argued and Submitted June 12, 2018
San Francisco, California

Before:  SCHROEDER, GOULD, and DIAZ,** Circuit Judges.

Plaintiff-Appellant Jami Tillotson, a deputy public defender in San

Francisco, appeals the District Court's grant of summary judgment to the

Defendants-Appellees in her suit stemming from her arrest in the San Francisco

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Albert Diaz, United States Circuit Judge for the U.S.
Court of Appeals for the Fourth Circuit, sitting by designation.

Hall of Justice. The Plaintiff sued officers and the City for unlawful arrest and excessive force under 42 U.S.C. § 1983, negligence, assault and battery, intentional infliction of emotional distress, 42 U.S.C. § 1985 conspiracy, municipal liability, and a violation of California's Bane Act, Cal. Civil Code § 52.1. Our appellate jurisdiction rests on 28 U.S.C. § 1291, and we affirm.

The key events in this case are disclosed in multiple cell phone videos, and the underlying facts are not materially disputed. The officers encountered in the Hall of Justice two men whom they believed to be the perpetrators of a string of San Francisco robberies, because their appearance and clothing matched that of the suspects depicted in high resolution images taken from surveillance footage of the most recent burglary. One of the men in the Hall of Justice appeared to be wearing the same distinctive jacket worn by one of the suspects in the security footage. The officers stopped the men in the hallway to take their photos in order to secure identification evidence.

Plaintiff, who had represented one of the men in unrelated proceedings, saw the photography underway and stepped between the officers and the suspects. When one of the officers asked Plaintiff to step to the side in order to discuss the situation, she stood in place and said, "[w]e don't need any pictures taken, thank you." When informed that if she continued such conduct she would be arrested,

2

she responded, "Please do."  Plaintiff was arrested without force and escorted in handcuffs to a holding cell in the basement of the courthouse.

Appellant argues that the police officers lacked probable cause to arrest her for delaying or obstructing the investigation.  Although she was apparently acting in good faith, on this record there can be no serious question that the police (1) were lawfully conducting a criminal investigation, and (2) had probable cause to conclude that Plaintiff interfered with it.

Under California Penal Code § 148(a)(1), it is a misdemeanor to "willfully resist[], delay[], or obstruct[] any . . . peace officer . . . in the discharge or attempt to discharge any duty of his or her office or employment."  Probable cause exists "when 'under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime.'"  *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (alteration in original) (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)).

Plaintiff in this case refused to step aside, thus giving the officers probable cause to conclude that she was interfering with their lawful photographic investigation.  The officers could also reasonably conclude that Plaintiff's statements to them were intended to further her interference.  There is thus no

merit to her claim that she was arrested on the basis of speech alone. *See Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1170 (9th Cir. 2011); *In re Muhammed C.*, 116 Cal. Rptr. 2d 21, 24–25 (Ct. App. 2002).

Plaintiff's excessive force claim is premised upon the theory that the initial arrest was unlawful and accordingly that any force used to effectuate the arrest violated the Fourth Amendment. But the initial arrest was lawful, and the record does not reflect any unreasonable force. Plaintiff's claim for intentional infliction of emotional distress similarly fails because the officers' arrest was based on probable cause and was not carried out with excessive force.

Plaintiff's claim under the Bane Act depends on whether the officers' conduct violated Plaintiff's Fourth Amendment rights, and for the reasons set forth above, it did not. Absent any federal constitutional violation, or any claim of state constitutional violation, there is no basis for a claim of liability under the Bane Act. *See Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013).

Finally, the District Court properly concluded that Plaintiff abandoned her claims for § 1985 conspiracy, municipal liability, negligence, assault and battery, and punitive damages by not addressing them in her motion for partial summary judgment or her opposition to Defendants' motion for summary judgment. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009).

**AFFIRMED.**